DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which denied the March 27, 2006 "motion for modification of sentence," filed by appellant Anthony K. Johnson, pro se. On June 23, 1992, appellant was sentenced to 10 to 25 years actual incarceration on each of two counts of aggravated robbery, each an aggravated felony of the first degree, in violation of R.C.2911.01, to be served consecutively. Appellant was also sentenced to three years *Page 2 
of actual incarceration on each of two firearm specifications, to be served consecutively and prior to the counts of aggravated robbery. Appellant's sentence in this case was also ordered to be served consecutively with the sentence imposed in CR92-5318, which appellant asserts was also an aggravated robbery with a firearm specification.
 {¶ 2} Appellant argued in his March 27, 2006 motion that he was erroneously sentenced to nine years total incarceration on the three firearm specifications because "[w]here multiple counts of aggravated robbery arise from the same transaction, only one three year term of actual incarceration may be imposed."[1] The state was erroneously notified that appellant was deceased and the trial court dismissed appellant's motion. Appellant filed a motion for reconsideration, due to this error, and the state filed a response to the merits of appellant's original motion. The trial court denied appellant's "motion for reconsideration of sentence modification" on September 18, 2007.
 {¶ 3} On appeal, appellant argues that his rights pursuant to theFirst, Fifth, and Fourteenth Amendments of the United States Constitution were violated by the state's representation to the trial court that appellant was deceased; the trial court erred in dismissing appellant's motion on the basis that he was deceased; and the trial court erred in failing to render findings of fact and conclusions of law.
 {¶ 4} Regardless of the character of appellant's March 27, 2006 motion, whether it was a motion for reconsideration or postconviction relief, we find that appellant's *Page 3 
motion was properly denied by the trial court. Motions for reconsideration of a sentence are a nullity and, therefore, are not judgments from which a party can appeal. State v. Avery (Sept 30, 1994), 3d Dist. No. 17-94-9, citing Pitts v. Dept. of Transp. (1981),67 Ohio St.2d 378, 380. Additionally, we find that appellant could have directly appealed the claimed error he raised in his motion and, thus, his motion is barred by the doctrine of res judicata. See State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. Furthermore, even if appellant sought postconviction relief, we find that he was not entitled to a hearing or findings of fact and conclusions of law because his petition, the file and records of the case show that appellant was not entitled to relief. See the version of R.C. 2953.21(E) in effect at the time of appellant's crime.
 {¶ 5} Clearly, appellant had not died since the filing of his motion for modification of sentence; however, the trial court's initial erroneous dismissal of his motion on this basis does not entitle him to the relief sought. Appellant could have raised the alleged sentencing error on direct appeal, but failed to do so. Accordingly, we find appellant's assignments of error not well-taken, and affirm the decision of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] We note that, although appellant makes this argument, he also asserts in his motion that "[t]here is no dispute that all of the offenses involved occurred on separate dates." *Page 1