[Cite as *State v. Terrell*, 2012-Ohio-1926.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

State of Ohio,                                          :

    Plaintiff-Appellee,                          :
:                          Case No. 10CA39
    v.                                                :

:                          DECISION AND
Jason W. Terrell,                                   :          JUDGMENT ENTRY
:
    Defendant-Appellant.                     :          Filed:  April 27, 2012
_____

APPEARANCES:

Jason W. Terrell, Lebanon, Ohio, pro se, Appellant.

James Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for Appellee.
_____

Kline, J.:

{¶1}  Jason Terrell appeals the judgment of the Washington County Court of Common Pleas, which denied his petition for relief from judgment.  Terrell contends that he is entitled to a hearing on the merits of his petition.  Terrell's petition, however, requests the trial court to reconsider its own valid, final judgment.  Because a trial court lacks jurisdiction to reconsider its own valid, final judgment, the petition is a nullity.  As a result, no appeal lies from the denial of the petition.  Therefore, we must dismiss Terrell's appeal.

I.

{¶2}  On March 27, 2009, a Washington County grand jury returned a five-count indictment against Terrell.  Terrell eventually pled guilty to three counts of drug

trafficking in violation of R.C. 2925.03. The trial court filed its judgment entry of conviction against Terrell on January 20, 2010. In its entry, the trial court sentenced Terrell to one ten-month sentence and two fifteen-month sentences for the three counts Terrell pled guilty to. Additionally, the trial court ordered Terrell to serve the sentences consecutively to each other. Thus, Terrell's aggregate prison sentence is forty months.

{¶3} The record indicates that Terrell did not file a direct appeal from the trial court's judgment. However, on October 20, 2010, Terrell filed a "Petition for Relief After Judgment Pursuant to O.R.C. 5145.01." In his petition, Terrell argued that the trial court erred when it imposed consecutive prison sentences upon him. The trial court denied Terrell's petition on October 28, 2010.

{¶4} Terrell appeals and asserts the following assignment of error: I. "So according to HOUSE BILL 130, the previous court has no standing and the Defendant-Appellant, should be afforded the proper Concurrent Sentence, not Consecutive as was Improperly Imposed upon this defendant."

II.

{¶5} Terrell claims that the trial court erred by sentencing him to consecutive prison sentences. For that reason, Terrell argues that he is entitled to a hearing on the merits of the argument in his petition for relief from judgment.

{¶6} This opinion dismisses Terrell's appeal for lack of jurisdiction. Specifically, we find that Terrell cannot appeal from the denial of his motion for reconsideration. Our jurisdictional finding necessarily includes a finding that Terrell's January 20, 2010 judgment entry of conviction is a valid, final judgment.

**{¶7}** On appeal, however, Terrell claims that the January 20, 2010 judgment entry of conviction is void. (We note that Terrell argues that because of the trial court's alleged error, the trial court had "no standing" and "no right" to impose consecutive sentences upon Terrell. "Generally, this Court affords considerable leeway to pro se litigants." *State v. Headlee*, 4th Dist. No. 08CA6, 2009-Ohio-873, ¶ 6. Accordingly, we will infer from Terrell's arguments that the trial court's alleged error rendered the judgment of conviction against him void.) Therefore, before addressing our jurisdiction over Terrell's appeal, we will analyze the validity of the January 20, 2010 judgment entry of conviction.

A. The Validity of the January 20, 2010 Judgment Entry of Conviction

**{¶8}** Terrell contends that his judgment entry of conviction is void because the trial court disregarded statutory requirements for the imposition of consecutive sentences.

**{¶9}** First, Terrell argues that the trial court erred because R.C. 5145.01 requires that he serve concurrent, not consecutive, sentences. R.C. 5145.01 provides, in relevant part, as follows: "If a prisoner is sentenced for two or more separate felonies, the prisoner's term of imprisonment shall run as a concurrent sentence, except if the consecutive sentence provisions of [R.C.] 2929.14 and [R.C.] 2929.41 * * * apply."

**{¶10}** Here, we find no merit in Terrell's argument. R.C. 5145.01 governs state correctional institutions and does not instruct sentencing courts. *See State v. Ramsey*, 7th Dist. No. 10 CO 29, 2011-Ohio-2640, ¶ 12. Furthermore, Ohio courts have uniformly held that "R.C. 5145.01 does not impose a concurrent sentencing requirement on sentencing courts[.]" *Ramsey* at ¶ 18. *See also State v. Johnson*, 8th Dist. No.

93004, 2010-Ohio-2214, ¶ 7 fn. 3; *State v. Castle*, 6th Dist. No. OT-08-029, 2008-Ohio-6388, ¶ 2-8; *State v. Paugh*, 12th Dist. No. CA2008-11-144, 2009-Ohio-4682, ¶ 5-9; *State v. Smith*, 5th Dist. Nos. 08 CA 42 & 08 CA 43, 2009-Ohio-1684, ¶ 55-58.

**{¶11}** Terrell also asserts that H.B. 130, effective April 7, 2009, revived the portions of R.C. 2929.14 that were severed in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Consequently, Terrell argues that the trial court should have followed the pre-*Foster* requirements for imposing consecutive sentences. Because the trial court failed to do so, Terrell contends that his sentence is void.

**{¶12}** Again, we find no merit in Terrell's argument. We have recognized that H.B. 130 did not constitute an affirmative reenactment of the severed provisions of R.C. 2929.14(E)(4). *See State v. Keck*, 4th Dist. No. 09CA50, 2011-Ohio-1643, ¶ 34; *see also State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 27, fn.7. (We acknowledge that the General Assembly recently enacted H.B. 86, effective September 30, 2011, which amends R.C. 2929.14 and requires fact finding for consecutive sentences. This amendment, however, does not apply to Terrell, who was sentenced on January 20, 2010, prior to the effective date of H.B. 86. *See State v. Du*, 2d Dist. No. 2010-CA-27, 2011-Ohio-6306, ¶ 23.) Thus, the trial court did not have to follow the pre-*Foster* requirements for imposing consecutive sentences, and the January 20, 2010 judgment entry of conviction is not void.

### B. Our Jurisdiction

**{¶13}** Next, we will address our jurisdiction over Terrell's appeal. In his October 20, 2010 petition, Terrell asked the trial court to reconsider the sentence imposed in the January 20, 2010 judgment entry of conviction. However, "[t]here is no provision in

Ohio law for reconsideration of a valid, final judgment.  Motions for reconsideration of a valid, final judgment of a trial court are a nullity." *State v. Steele*, 10th Dist. 05AP-92, 2005-Ohio-4786, ¶ 9; *see also State v. Joy*, 4th Dist. Nos. 08CA10 & 08AP10, 2009-Ohio-2211, ¶ 8; *State v. Moon*, 8th Dist. No. 93673, 2010-Ohio-4483, ¶ 19.  Therefore, Terrell's petition is a nullity.  And because "[m]otions for reconsideration of a sentence are a nullity[, they] are not judgments from which a party can appeal." *State v. Johnson*, 6th Dist. No. L-07-1338, 2008-Ohio-1298, ¶ 2, fn. 1; *Joy* at ¶ 8; *Steele* at ¶ 11.  Accordingly, we lack jurisdiction over Terrell's appeal.

C. Conclusion

{¶14} In conclusion, Terrell's petition is a nullity because it asks the trial court to reconsider a valid, final judgment.  Accordingly, Terrell cannot appeal from the trial court's denial of his petition, and we dismiss this appeal for lack of jurisdiction.

**APPEAL DISMISSED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Harsha, J. and McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY:_____
Roger L. Kline, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**