[Cite as *State v. Broadnax*, 2012-Ohio-2535.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24878 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2006-CR-1661 |
| v. | : | |
| | : | |
| TRACY S. BROADNAX, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of June, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

TRACY S. BROADNAX, JR., #535-489, Lebanon Correctional Institution, Post Office Box 56, Lebanon, Ohio 45036
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Tracy Broadnax appeals pro se from the trial court's October 26, 2011, *nunc pro tunc* termination entry setting forth the manner of his conviction and the trial court's

denial of his motion for resentencing to a statutory minimum prison term.

{¶ 2}    In his sole assignment of error, Broadnax contends the trial court erred in failing to resentence him under H.B. 86, which took effect September 30, 2011, because his original 2006 termination entry was not a final, appealable order.

{¶ 3}    The record reflects that Broadnax was convicted and sentenced in 2006 on five counts of aggravated robbery and three firearm specifications. He received an aggregate thirteen-year prison term (concurrent ten-year terms for the aggravated robberies and a consecutive three years for the firearm specifications). On August 2, 2011, Broadnax filed a pro se "sentencing memorandum" that was essentially a motion for resentencing. Therein, he argued that he was entitled to concurrent, minimum sentences of three years for the aggravated-robbery convictions. Days after Broadnax filed his motion, the State moved for a *nunc pro tunc* termination entry in compliance with Crim.R. 32(C). Specifically, the State noted that Broadnax's 2006 termination entry failed to mention that his convictions were the result of no-contest pleas.

{¶ 4}    On October 3, 2011, the trial court denied Broadnax's motion for resentencing and sustained the State's motion for a *nunc pro tunc* termination entry. It explained that Broadnax was not entitled to a presumptive statutory minimum sentence under former R.C. 2929.14(B) because that provision had been invalidated by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 270, which was decided before Broadnax was indicted. The trial court then determined that omitting the manner of conviction from the 2006 termination entry did not render it void. The trial court found that the proper remedy was a *nunc pro tunc* termination entry in compliance with Crim.R. 32(C). The trial court filed such an entry on

October 26, 2011.

{¶ 5}    On appeal, Broadnax insists that his 2006 termination entry was not final and appealable because it omitted the manner of his conviction. He asserts that no valid termination entry existed until October 26, 2011. Because H.B. 86 took effect on September 30, 2011, he reasons that he should have received the benefit of the new legislation's so-called "*Foster* fix."[1]   We disagree.

{¶ 6}    Even assuming, arguendo, that H.B. 86 might be favorable to Broadnax in some way, it has no applicability to him. Contrary to his argument, the 2006 termination entry was final and appealable. In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, the Ohio Supreme Court held that a judgment of conviction is final and appealable if it includes: (1) the fact of conviction, (2) the sentence, (3) the signature of the judge, and (4) a time stamp indicating entry on the journal by the clerk of courts. *Id.* at syllabus. We have examined Broadnax's 2006 termination entry and find that it includes these elements. Therefore, his sentence became final long before the enactment of H.B. 86 and he was not entitled to be resentenced under the new legislation. *State v. Du*, 2d Dist. Greene No. 2010-CA-27, 2011-Ohio-6306, ¶ 23.

{¶ 7}    Finally, we note that omitting the manner of conviction from the 2006 termination entry was an error involving a "matter of form." *Id.* at ¶ 12. The trial court properly corrected this error by filing a *nunc pro tunc* entry, which itself did not create any

---

[1]   H.B. 86 amended portions of R.C. 2929.14, primarily with regard to consecutive sentencing, by reenacting some of the language severed from the statute by *State v. Foster*.    Notably, H.B. 86 did not reinstate the presumption for minimum sentences for first offenders previously found in R.C. 2929.14(B), but rather it amended R.C. 2929.11(A) to include, as part of the overriding purposes of sentencing, "to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

new appellate rights. *Id.* at ¶ 20. Therefore, we have no occasion to address Broadnax's argument, raised in his reply brief, that the trial court failed to consider the statutory principles and purposes of sentencing or the seriousness and recidivism factors.

{¶ 8}     Based on the reasoning set forth above, we overrule Broadnax's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

{¶ 9}                                        . . . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Tracy S. Broadnax, Jr.
Hon. Mary L. Wiseman