[Cite as *State v. Stubbs*, 2012-Ohio-2969.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

STATE OF OHIO                                    :
                                                 :     Appellate Case No. 2011-CA-62
        Plaintiff-Appellee                       :
                                                 :     Trial Court Case No. 06-CR-495
v.                                               :
                                                 :
TOMMY STUBBS                                     :     (Criminal Appeal from
                                                 :      Common Pleas Court)
        Defendant-Appellant                      :
                                                 :
                                       . . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of June, 2012.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by STEPHANIE HAYDEN, Atty. Reg.
#0082881, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

MICHAEL B. MURPHY, Atty. Reg. #0017992, 5241 Shiloh Springs Road, Dayton, Ohio
45426
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}   Defendant-appellant Tommy Stubbs appeals from an order of the trial

court classifying him as a sexually oriented offender under the sex offender classification law

in effect at the time Stubbs committed his offense (Megan's Law). Stubbs questions whether he is subject to classification under Megan's Law, since the enactment of the Adam Walsh Act (2007 Am.Sub.S.B. No. 10), repealed the prior law.

{¶ 2} We conclude that despite the repeal by the Adam Walsh Act of the prior statutory provisions pertaining to sex offender classification, the prior law governs the classification of sex offenders whose offenses were committed prior to the effective date of the Adam Walsh Act. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 23. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I. The Course of Proceedings

{¶ 3} In 2006, Stubbs was charged by indictment with Rape, in violation of R.C. 2907.02(A)(1); Kidnapping, in violation of R.C. 2905.01(A)(4); and Unlawful Sexual Conduct with a Minor, in violation of R.C. 2907.04(A). Ultimately, Stubbs pled guilty to Unlawful Sexual Conduct with a Minor, and the other charges were dismissed. In August, 2008, Stubbs was sentenced to four years in prison, and was classified as a Tier II sex offender in accordance with the Adam Walsh Act.

{¶ 4} In 2010, Stubbs unsuccessfully moved for reclassification. In 2011, by letter, Stubbs again sought reclassification, this time citing *State v. Williams, supra*. The trial court held a hearing on Stubbs's request.

{¶ 5} At the hearing, appointed counsel for Stubbs, while recognizing that his case is factually indistinguishable from that of the defendant in *Williams*, questioned whether

Stubbs was subject to classification at all, since in enacting the Adam Walsh Act, the General Assembly repealed the prior version of the statute.

{¶ 6} The trial court decided that, consistently with *State v. Williams*, Stubbs would be reclassified under the law in effect at the time he committed his offense, the result being that he would be classified as a Sexually Oriented Offender, the mildest sex offender classification under Megan's Law. From the order reclassifying him as a Sexually Oriented Offender, Stubbs appeals.

**II. Despite Having Been Repealed by the Adam Walsh Act,**

**Megan's Law Remains the Law Pertaining to Sex Offender**

**Classification in Effect When Stubbs Committed his Offense.**

{¶ 7} Stubbs's brief does not actually contain an assignment of error. Instead, it raises the following question (as an issue presented for review): "Does the repeal of Megan's Law by the General Assembly and replacing it with Adam Walsh act preclude the Courts from classifying an offender as a sex offender?" And Stubbs, in his brief, answers this question in the negative: "Therefore the Supreme Court [of Ohio] has answered the issue that Stubbs raised in his motion to be reclassified. He is subject to Megan's Law and not the Adam Walsh Act[,] as the [trial] Court properly found." We agree.

{¶ 8} The Ohio Constitution requires that when the General Assembly amends a law, it must repeal the section or sections amended. Article II, Section 15(D). Therefore, the General Assembly's mere compliance with this constitutional requirement, without more, should not be deemed to imply its intent that the old law shall have no effect,

whatsoever. In complying with the constitutional mandate, the General Assembly is merely specifying those parts of existing statutory law that are to be superseded by the new statute, so as to avoid inadvertently replacing an existing law with a new one, when the intent is that both statutes shall apply insofar as possible.

{¶ 9} In any event, in *State v. Williams, supra*, the Supreme Court of Ohio has at least implicitly answered the question raised by Stubbs. In that case, as in this one, a sexual offender was initially classified as a Tier II sex offender under the Adam Walsh Act, despite having committed his offense – Unlawful Sexual Conduct with a Minor, the same offense to which Stubbs pled guilty – before the effective date of the Adam Walsh Act. The Supreme Court of Ohio held that the retroactive application of the Adam Walsh Act to an offender who committed his offense before its effective date offends the prohibition against retroactive laws found in Article II, Section 28 of the Ohio Constitution. *Id*., ¶ 21. The Supreme Court of Ohio concluded: "We reverse the judgment of the court of appeals and remand the cause for resentencing under the law in effect at the time Williams committed the offense." *Id*., ¶ 23.

{¶ 10} The case before us is indistinguishable from *State v. Williams*. The trial court correctly re-classified Stubbs as a Sexually Oriented Offender under the law in effect before the effective date of the Adam Walsh Act.

### III.   Conclusion

{¶ 11} The order from which this appeal is taken, reclassifying Stubbs as a Sexually Oriented Offender, is Affirmed.

. . . . . . . . . . . . .

FROELICH and CANNON, JJ., concur.

(Hon. Timothy P. Cannon, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Stephen K. Haller
Stephanie R. Hayden
Michael B. Murphy
Hon. Stephen Wolaver