[Cite as *State v. Clay*, 2012-Ohio-3842.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :                    C.A. CASE NO.    2011 CA 32

v.                                     :                    T.C. NO.    09CR122

JAMES H. CLAY                          :                    (Criminal appeal from
                                                            Common Pleas Court)

    Defendant-Appellant                :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____24th____ day of ____August____, 2012.

. . . . . . . . . .

TERRY L. LEWIS, Atty. Reg. No. 0010324, Assistant Prosecuting Attorney, 210 West Main Street, Safety Building, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

JAMES H. CLAY, #588915, Chillicothe Correctional Institution, P. O. Box 5500, Chillicothe, Ohio 45601
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

    **{¶ 1}**  James H. Clay appeals from a judgment of the Miami County Court of

Common Pleas, which denied his motion for resentencing. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2} In 2009, Clay was convicted, after a jury trial, of aggravated arson. The trial court sentenced him to four years in prison, to be served consecutively to the sentence he received in another case, presumably Miami C.P. No. 2007 CR 518, which involved a sexual battery offense. We affirmed Clay's aggravated arson conviction on direct appeal. *State v. Clay*, 2d Dist. Miami No. 2009 CA 40, 2010-Ohio-5748.

{¶ 3} In October 2011, Clay filed a motion for resentencing, arguing that the recently-enacted H.B. 86 applied to his cases.[1] He claimed that Am.Sub.H.B. 86 amended Am.Sub.S.B. 2, and that R.C. 1.58 made those amendments apply retroactively. Clay further argued that H.B. 86 "inserts new language with the basics of felony sentencing," which should be applied to his cases upon resentencing.

{¶ 4} The trial court denied Clay's motion. It reasoned:

House Bill 86, effective September 30, 2011, was not specifically made retroactive for those individuals who were sentenced before this date.

In addition, O.R.C. 1.58(A)(2) does not provide the Defendant the relief he argues. The amendment of a statute does not affect any punishment incurred in respect thereto, prior to the amendment.

{¶ 5} Clay appeals from the trial court's judgment, raising three assignments of

---

[1] Clay's motion was filed in both his aggravated arson and sexual battery cases. However, the trial court's ruling and Clay's subsequent notice of appeal list only the aggravated arson case number, Case No. 2009 CR 122. Accordingly, this appeal concerns only the aggravated arson case.

error.

## II.

**{¶ 6}** Clay's assignments of error read:

THE TRIAL COURT ABUSED ITS DISCRETION IN DEFINING O R C § 1 58.

THE TRIAL COURT ABUSED ITS DISCRETION BY DETERMINING THAT HOUSE BILL [86] IS NOT RETROACTIVE.

THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO APPLY THE PURPOSES AND PRINCIPLES OF FELONY SENTENCING.

**{¶ 7}** In his first and second assignments of error, Clay claims that the trial court misinterpreted R.C. 1.58 and erred in concluding that H.B. 86 did not apply retroactively to him.

**{¶ 8}** H.B. 86 amended portions of R.C. 2929.14, primarily with regard to consecutive sentencing, by reenacting some of the language severed from the statute by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 270. As amended by H.B. 86, R.C. 2929.14 again requires judicial fact-finding for consecutive sentences.

**{¶ 9}** Notably, H.B. 86 did not reinstate the presumption for minimum sentences for first offenders previously found in R.C. 2929.14(B), but rather it amended R.C. 2929.11(A) to include, as part of the overriding purposes of sentencing, "to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources."

**{¶ 10}** We have previously rejected claims that H.B. 86 applies retroactively to an

offender who was sentenced prior to the effective date of H.B. 86. *State v. Broadnax*, 2d Dist. Montgomery No. 24878, 2012-Ohio-2535; *State v. Du*, 2d Dist. Greene No. 2010-CA-27, 2011-Ohio-6306, ¶ 23. Other appellate districts have held similarly. *E.g.*, *State v. Stalmaker*, 11th Dist. Lake No. 2011-L-151, 2012-Ohio-3028, ¶ 15; *State v. Terrell,* 4th Dist. Washington No. 10CA39, 2012-Ohio-1926, ¶ 10; *State v. McGee*, 8th Dist. Cuyahoga No. 96688, 2012-Ohio-1829; *State v. Fields*, 5th Dist. Muskingum No. CT11-0037, 2011-Ohio-6044.

{¶ 11} We do not find that R.C. 1.58 and H.B. 86 compel a different conclusion. Section 4 of H.B. 86 addresses whether particular provisions in the new legislation apply to a person upon whom a court imposed sentence prior to the effective date of the Act; R.C. 2929.14(E) is not mentioned in Section 4. However, Section 11 states:

SECTION 11. In amending division (E)(4) of section 2929.14 and division (A) of section 2929.41 of the Revised Code in this act, it is the intent of the General Assembly to simultaneously repeal and revive the amended language in those divisions that was invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster* (2006), 109 Ohio St.3d 1. The amended language in those divisions is subject to reenactment under the United State Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, and the Ohio Supreme Court's decision *State v. Hodge*, [128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768] and, although constitutional under *Hodge*, *supra*, that language is not enforceable until deliberately revived by the General Assembly.

**{¶ 12}**    Nothing in Section 11 suggests that the amendments to R.C. 2929.14(E) were intended to apply retroactively to those who had been sentenced prior to the effective date of H.B. 86.    To the contrary, Section 11's language that those provisions were unenforcable "until deliberately revived" implies that the revived language would apply prospectively only.    This interpretation is consistent with the general rule that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective."    R.C. 1.48.

**{¶ 13}**    R.C. 1.58(B) also does not require retroactive application of H.B. 86 to Clay's aggravated arson case.    That statute provides: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, *if not already imposed*, shall be imposed according to the statute as amended."    (Emphasis added.)    Clay was found guilty and sentenced prior to the effective date of H.B. 86.    R.C. 1.58 does not apply.

**{¶ 14}**    Clay's first and second assignments of error are overruled.

**{¶ 15}**    In his third assignment of error, Clay claims that the trial court failed to apply R.C. 2929.11 and R.C. 2929.12 when it imposed sentence and that the court presented no rationale for its imposition of more than the minimum sentence.    Clay asserts that he should have received the benefit of H.B. 86's so-called "*Foster* fix."    In his reply brief, Clay also claims that his sentence was "grossly disproportionate" to the sentence received by another defendant (also a teacher, like Clay) who had committed sexual battery in a different county.

**{¶ 16}**    Because we have concluded that H.B. 86 does not apply retroactively to

Clay, the trial court did not err in failing to sentence Clay in accordance with the new legislation's provisions.

{¶ 17} To the extent that Clay claims that the trial court erred notwithstanding the changes under H.B. 86, any such claim is barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 18} Clay filed a direct appeal from his conviction for aggravated arson, and we affirmed his conviction. Clay did not challenge his sentence during that appeal. As a result, he is barred by res judicata from raising that issue now. *See State v. Barber*, 2d Dist. Montgomery No. 24770, 2012-Ohio-2332, ¶ 16 ("Arguments challenging the imposition of a sentence that is voidable are barred by the doctrine of res judicata if not raised on direct appeal.").

{¶ 19} Clay's third assignment of error is overruled.

III.

{¶ 20} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and RICE, J., concur.

(Hon. Cynthia Westcott Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Terry L. Lewis
James H. Clay
Hon. Robert J. Lindeman