[Cite as *State v. Turner*, 2013-Ohio-806.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25115 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2007-CR-2677 |
| v. | : | |
| | : | |
| DAVID E. TURNER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of March, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JEREMIAH J. DENSLOW, Atty. Reg. #0074784, First National Plaza, 130 West Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, P.J.

{¶ 1}   Defendant-appellant David Turner appeals from an order re-classifying him as a sexually oriented offender.   He argues that since he was originally, and improperly,

classified under the provisions of 2007 Am.Sub.S.B. No. 10, the Adam Walsh Act (AWA), he cannot now be subjected to the classification of the prior act – 1996 Am.Sub.H.B. No. 180, Megan's Law – which the AWA repealed. Alternatively, he contends that his re-classification is void because it does not meet the procedural requirements of Megan's Law – specifically, he was re-classified after he was sentenced, and he was re-classified by the sentencing trial judge's successor.

**{¶ 2}** We conclude that Megan's Law applied to Turner, who committed his offenses before the enactment of AWA. *State v. Stubbs*, 2d Dist. Greene No. 2011-CA-62, 2012-Ohio-2969, followed. We further conclude that the trial court did not violate the procedural requirements of Megan's Law.

## I.   The Course of Proceedings

**{¶ 3}** In 2008 Turner was convicted on sixteen counts of Pandering Obscenity Involving a Minor and eight counts of Gross Sexual Imposition Involving a Minor. He had been indicted for these offenses in July 2007. The trial court sentenced Turner to six years on each count of Pandering and five years on each count of GSI, with all sentences to run concurrently. The trial court also classified Turner a Tier II sex offender under the AWA, requiring him to register for 25 years with in-person verification every 180 days. We affirmed that judgment. *State v. Turner*, 2d Dist. Montgomery No. 22777, 2008-Ohio-6836.

**{¶ 4}** In September 2011, Turner filed a petition to invalidate his sex offender classification, based upon *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. Following a hearing, the trial court classified Turner a sexually-oriented offender

under Megan's Law.   From this classification, Turner appeals.

**II.   The Megan's Law Sexual Offender Classification Scheme Applies**

**to Persons Who Commit their Offenses After the Effective Date of**

**Megan's Law and Before the Effective Date of the Adam Walsh Act, Notwithstanding**

**that the Adam Walsh Act Repealed Megan's Law**

**{¶ 5}**     Turner's Second Assignment of Error states:

APPELLANTS'    RE-CLASSIFICATION    WAS    PREJUDICIAL

ERROR BECAUSE IT WAS BASED UPON A REPEALED STATUTE.

**{¶ 6}**     Turner contends that his classification must be reversed and vacated because at the time of his re-classification, the law under which he had been re-classified – Megan's Law – had been repealed, so that he was not subject to its provisions

**{¶ 7}**     In 1996, the General Assembly enacted Megan's Law.  The act amended R.C. Chapter 2950 and established a new sex-offender classification and registration scheme. *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, ¶ 7. Subsequently, in 2007, the General Assembly enacted the AWA, which amended various sections of R.C. Chapter 2950, to implement the federal Adam Walsh Child Protection and Safety Act of 2006. *Id.*

**{¶ 8}**     In 2011, the Supreme Court of Ohio held that the AWA, as applied to defendants who committed sex offenses prior to its enactment, violates Article II, Section 28 of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws. *Williams* at syllabus. The Supreme Court recently held that the classification, registration,

and community-notification provisions of the AWA may not constitutionally be applied to a sex offender who committed his sex offense between the July 1, 2007 repeal of Megan's Law and the January 1, 2008 effective date of the AWA's classification, registration, and community-notification provisions. *In re Bruce S.,* _____ Ohio St.3d _____, 2012-Ohio-5696, ¶ 12.

**{¶ 9}** In this case, Turner was indicted for offenses occurring between February 1, 2002 and July 8, 2007. He was indicted on July 13, 2007 with a re-indictment on August 30, 2007. He was convicted on April 30, 2008, and sentenced on May 23 of that year. Thus, his offense began when Megan's Law was in effect and ended before the AWA was in effect. Therefore, the provisions of Megan's Law were applicable to Turner, and he was erroneously classified under the AWA.

**{¶ 10}** Turner's motion to invalidate challenged his classification under both Megan's Law and the AWA. In the motion, he correctly noted that he should have been classified under Megan's Law, rather than the AWA, thus rendering his AWA classification invalid. He also argued that because Megan's Law had been repealed, he was no longer subject to its provisions. Thus, he argued that he was not subject to any classification.

**{¶ 11}** We reject this argument. We have previously held that a defendant improperly classified under the AWA can be re-classified under Megan's Law if his offenses were committed while Megan's Law was in effect. *State v. Stubbs*, *supra*, citing *State v. Williams*.

**{¶ 12}** Turner's Second Assignment of Error is overruled.

### III.   The Successor Judge Properly Re-Classified Turner Under Megan's Law

{¶ 13}   Turner also contends that his re-classification is invalid because it was ordered by the successor judge to the sentencing judge, and because it was ordered four years after sentencing.   In support, he cites a provision of Megan's Law, R.C. 2950.01(B)(1), for the proposition that the sentencing *judge* must make the classification prior to sentencing.   We reject both of these arguments.

{¶ 14}   With regard to the claim that he was required to be classified prior to sentencing, we note that this argument has been implicitly overruled in *Stubbs*, *supra*.   In that case, the defendant had originally been classified under the provisions of the AWA, despite the fact that his offenses occurred during the effective dates of Megan's Law.   *Id.* at ¶ 1 and 3.  Approximately three years later, upon motion of the defendant, it was determined that the AWA classification was improper, and the trial court re-classified the defendant under the provisions of Megan's Law.   *Id.* at ¶ 6.   This court upheld the re-classification, which clearly occurred after sentencing.   *Id.* at ¶ 10 and 11.

{¶ 15}   Furthermore, the Supreme Court of Ohio has held that "if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D) and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law[,]" and a hearing to make that determination is not required.   *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 18.

{¶ 16}   Turner was convicted of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), which by its definition is a sexually-oriented offense because it involves sexual contact, defined by R.C. 2907.01(B) as "any touching of an erogenous zone of another,

including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." Furthermore, under the provisions of Megan's Law R.C. 2950.01(A)(1), in effect at the time of the offenses, Gross Sexual Imposition was classified as a sexually oriented offense. Thus, his re-classification as a sexually-oriented offender arises by operation of law, and is not rendered invalid due to the fact that it was ordered after sentencing.

{¶ 17} We next address Turner's claim that the language of R.C. 2950.01(B)(1) dictates that only the "sentencing judge" may make a classification under Megan's Law. We do not understand this to mean that the individual who was actually judge at the time of sentencing in this case, who has since left that position, is the only person capable of re-classifying a defendant. We conclude that so long as the successor judge to the sentencing judge orders the classification, the classification is valid.

{¶ 18} Turner's First Assignment of Error is overruled.

### III. Conclusion

{¶ 19} Both of Turner's assignments of error having been overruled, the order of the trial court classifying Turner as a sexually-oriented offender is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine

Jeremiah J. Denslow
Hon. Dennis J. Adkins