[Cite as *State v. Boles*, 2013-Ohio-3376.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    25526 |
| v. | : | T.C. NO.    00CR1576 |
| SHAWN R. BOLES | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____2nd_____ day of _____August_____, 2013.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
          Attorney for Plaintiff-Appellee

SHAWN R. BOLES, #A410-417, Belmont Correctional Institute, P. O. Box 540, St. Clairsville, Ohio 43950
          Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   This matter is before the Court on the Notice of Appeal of Shawn R. Boles,

filed December 13, 2012.   Boles appeals from the trial court's "Entry Overruling Motion for

Jail Time Credit," and "Entry Overruling Petition to Contest Classification, Registration, and Notification Requirement and Re-instating Sexually Oriented Offender Classification," both of which were issued on November 15, 2012 . We hereby affirm the judgments of the trial court.

{¶ 2}    This Court has previously set forth the procedural history herein in *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, 932 N.E.2d 345 (2d Dist.), ¶ 8-12, as follows:

Boles was originally charged in 2000 with one count of improperly discharging a firearm at or into a habitation, with a firearm specification; one count of having weapons while under a disability; one count of tampering with evidence, with a firearm specification; one count of rape by force of a child under the age of 13; two counts of gross sexual imposition of a child under the age of 13; and two counts of felonious assault, with firearm specifications.

In 2001, Boles pleaded no contest to one count of discharging a firearm into a habitation, with a firearm specification, and one count of rape of a child under the age of 13 (without a force specification). He was found guilty and was sentenced accordingly. We reversed those convictions on appeal. *State v. Boles*, Montgomery App. No. 18762, 2003 WL 21213383, 2003-Ohio-2693.

On remand, the trial court initially overruled Boles's motion to sever the rape count from the count of improper discharge of a firearm but decided to reverse itself and sever the counts when it learned, on the day set for trial,

that genetic testing relating to the rape charge had not been completed. Boles was convicted, following a jury trial, of the count of improper discharge of a firearm into a habitation, and he was sentenced to seven years' imprisonment for that offense. We affirmed that conviction and sentence. *State v. Boles*, Montgomery App. No. 20730, 2005-Ohio-4490, 2005 WL 2077782.

Boles was later tried on the rape charge, but that trial ended in a hung jury.

In October 2008, Boles was again tried, to a jury, on the rape charge (without a force specification, because the state agreed with Boles that the force specification was unavailable as a result of the earlier appellate disposition). Boles chose to represent himself at this trial, but standby counsel was present at counsel table to assist Boles if the need to do so should arise. That trial ended in a conviction and a ten-year sentence, to be served consecutively to the previously imposed seven-year sentence for improper discharge of a firearm.

Boles was designated a Tier III sex offender pursuant to the Adam Walsh Act, and this Court affirmed his conviction on January 29, 2010. We note that the victim herein was Boles' daughter.

**{¶ 3}** On February 10, 2012, Boles filed his "Motion for Jail Time Credit," in which he asserted that he was entitled to "all Jail Time Credit from the time of his arrest on May 24, 2000, pursuant to R.C. 2967.191," as well as his "Petition to Invalidate the Classification, Registration, and Notification Requirements of Ohio Revised Code, Chapter

2950, under the AWA and Megan's Law." In overruling his motion regarding jail time credit, the trial court indicated as follows: "The Division of Court Services has reviewed the matter and issued a Jail Time Credit Report, which was filed in this Case on November 5, 2012. It was determined that the correct number of days of jail time credit have already been given to Defendant Shawn R. Boles." The court indicated that it reviewed the Jail Time Credit report and adopted it in its entirety. The report, which we note is consistent with the warrant to convey issued on October 28, 2008, provides that Boles was in custody for 533 days.

{¶ 4} In overruling Boles' motion regarding his classification pursuant to his conviction for rape, the trial court determined that "it is appropriate for the Defendant to be classified under S.B. 5, which was in effect when the Defendant committed the rape for which he was convicted herein." The court further noted that it "RE-INSTATES the classification of sexually oriented offender originally imposed by this Court on March 6, 2001."

{¶ 5} Boles asserts four assigned errors herein. His first assigned error is as follows:

"WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITS PLAIN ERROR WHERE IT DENIED APPELLANT THE JAIL TIME CREDIT FROM THE TIME OF ARREST ON MAY 24, 2000."

{¶ 6} The jail time credit report relied upon by the trial court indicates that Boles was in the custody of the jail from May 13, 2007, until October 24, 2008, on the rape charge, and that he is entitled to 533 days of jail time credit in that matter. It further provides that

"[a]ll previous credit was applied to the seven (7) year sentence Mr. Boles received for Improperly Discharging a Firearm at or Into a Habitation. That portion of the sentence has been served and is inactive." The report concludes that "no additional credit shall be given."

{¶ 7} R.C. 2967.191 provides:

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term.

{¶ 8} As this Court indicated in *State v. Woodward*, 2d Dist Montgomery No. 24483, 2012-Ohio-632, ¶ 9, "If a defendant is sentenced to consecutive prison terms for multiple charges, jail time credit is not applied to each and every prison term as it is for concurrent sentences, but rather is applied but once, to the total term. Ohio Adm.Code 5120-2-04(G); *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440."

{¶ 9} Boles was confined in jail for 533 days in 2007 and 2008, as reflected in the Jail Time Credit Report adopted by the trial court, and that number of days arose from the

rape offense. We note that the trial court's docket contains a pro se Notice of Address Change filed by Boles on May 17, 2007, that provides that he has been "removed from the Madison Correctional Institution as the Defendant's sentence has expired, and has been placed in the Montgomery County Jail, for a pending trial * * *." As further reflected in the Jail Time Credit Report, credit arising from Boles' prior confinement in jail was applied to Boles' expired seven year sentence, and he is not entitled to have that credit again applied to his consecutive sentence for rape. *Woodward.* There being no merit to Boles' first assigned error, it is overruled.

{¶ 10} We will consider Boles' remaining assignments of error together. They are as follows:

"WHETHER THE TRIAL COURT'S RE-INSTATEMENT OF SEXUALLY ORIENTED OFFENDER CLASSIFICATION VIOLATE THE SEPERATION OF POWERS DOCTRINE." (Sic)

And,

"WHETHER THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITS PLAIN ERROR WHERE IT RE-INSTATED THE SEXUALLY ORIENTED OFFENDER CLASSIFICATION THAT WAS FORMALLY VACATED BY THE COURT OF APPEALS." (Sic)

And,

"WHETHER THE TRIAL COURT'S RE-INSTATEMENT OF SEXUALLY ORIENTED OFFENDER CLASSIFICATION VIOLATE THE DOUBLE JEOPARDY CLAUSE."

(Sic).

{¶ 11}  As the State asserts, pursuant to *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, Boles may no longer be classified as a Tier III offender under the Adam Walsh Act.  "Ohio's version of the federal Megan's Law, Section 14071, Title 42, U.S.Code, was enacted in 1996, Am.Sub.H.B. No. 180, 146 Ohio Laws, Part II, 2560, and significantly amended in 2003 by Am.Sub.S.B. No. 5 (S.B. 5), 150 Ohio Laws, Part IV, 6558."  *Id*., ¶ 7.  Subsequently, 2007 Am. Sub. S.B. No.10 "was enacted in 2007, and is based on the federal Adam Walsh Act, Section 16901 et seq., Title 42, U.S.Code."  *Id*.  In *Williams,* the Supreme Court of Ohio determined*,* "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws."  *Id*., at syllabus.  As this Court has noted, "a defendant improperly classified under the AWA can be re-classified under Megan's Law if his offenses were committed while Megan's Law was in effect. *State v. Stubbs* [2d Dist. Greene No. 2011-CA-62, 2012-Ohio-2969]."  *State v. Turner*, 2d Dist. Montgomery No. 25115, 2013-Ohio-806, ¶ 11,  appeal not allowed, 136 Ohio St. 3d 1405, 2013-Ohio-2645, 989 N.E.2d 1020.

{¶ 12}  Since Boles committed his offense while Megan's Law was in effect, the trial court properly reclassified him as a sexually oriented offender.  While the trial court indicated that it "re-instated" Boles' original sexually oriented classification from 2001, as noted above and by Boles herein, this Court reversed his 2001 conviction and remanded the matter.  Regardless, Boles remains subject to reclassification, from a Tier III offender to a

sexually oriented offender, and we note that in *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, the Ohio Supreme Court held that the "Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender." *Id*., at paragraph two of the syllabus. The *Hayden* Court determined, "according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." *Id.* Boles' remaining three assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

R. Lynn Nothstine
Shawn R. Boles
Hon. Barbara P. Gorman