[Cite as *State v. Clay*, 2014-Ohio-950.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                                          :

    Plaintiff-Appellee                          :              C.A. CASE NO.    2013 CA 11

v.                                                             :              T.C. NO.    07CR518

JAMES H. CLAY                                        :              (Criminal appeal from
                                                  Common Pleas Court)

    Defendant-Appellant                         :

                                                          :

. . . . . . . . . .

# O P I N I O N

Rendered on the ____14th____ day of ____March____, 2014.

. . . . . . . . . .

JANNA L. PARKER, Atty. Reg. No. 0075261, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 W. Main Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

JAMES H. CLAY, #588915, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    This matter is before the Court on the pro se Notice of Appeal of James H.

Clay, filed April 10, 2013. Clay appeals from the trial court's March 27, 2013 "Judgment Entry and Notice of Duties to Register Following Sex Offender Classification Hearing." We hereby affirm the judgment of the trial court.

{¶ 2} On December 6, 2007, Clay was indicted on one count of sexual battery, in violation of R.C. 2907.03(A)(7), a felony of the third degree. His indictment provides that the offense occurred on or about September of 2006 to February of 2007 in Miami County. Clay was found guilty, following a jury trial, on September 3, 2008. On October 16, 2008, the trial court sentenced Clay to a five year term. On October 23, 2009, this Court affirmed Clay's conviction.

{¶ 3} On October 26, 2011, Clay filed a pro se Motion for Re-Sentencing, in which he argued that "House Bill 86 inser[t]s new language with the basics of felony sentencing that apply in every case." On November 15, 2011, the State responded that "Senate Bill 86 does not specifically state that it is to be applied retroactively, and as a result, the Defendant's claim that it should be applied retroactively is without merit."

{¶ 4} On January 6, 2012, Clay filed a Motion to Vacate and Resentence, in which he asserted that at the time of his offense, the Adam Walsh Act was not in effect, and that "[n]evertheless, the Defendant herein, has had registration, notification, and classifications imposed which arose after the alleged crime." Clay relied upon *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, and he asserted that he was "retroactively being burdened with requirements that are punitive and did not exist at the time of his alleged crime and request[ed] this Court resentence him under the statutory scheme in affect in September, 2006 as justice so requires." On March 9, 2012, Clay filed

a Motion to Set Case for Decision, and on June 27, 2012, he filed Defendant's Motion for Ruling.

{¶ 5}     On August 9, 2012, the trial court issued a Decision/Entry Overruling Motion for Re-Sentencing, in which it determined that Clay "was sentenced on October 16, 2008, almost three years before the effective date of H.B. No. 86.  The modifications to the sentencing statutes implemented by that legislation have no application to the defendant."

{¶ 6}     Also on August 9, 2012, the court issued an "Order for State of Ohio to File Memorandum on Defendant's Motion for Reclassification," which provides in part that the State "shall file a memorandum showing cause why the court should not grant the defendant's petition for reclassification in light of the decision of the Second District Court of Appeals in *State v. Knowles*, 2012-Ohio-2543, decided on June 8, 2012."  We note that in *Knowles*, this Court determined that a "retroactive classification of a sex offender under the Adam Walsh Act is void."  *Id*., ¶ 2.  On August 21, 2012, the State filed a Memorandum on Defendant's Motion for Reclassification which provides that "reclassification seems to be in order."

{¶ 7}     On October 19, 2012, Clay filed a Motion for Declaratory Judgment/Injunctive Relief, in which he asserted that his "sentence is void ab initio."  On November 9, 2012, the trial court issued a Decision-Entry Overruling Motion for Declaratory Judgment/Injunctive Relief.  Also on November 9, 2012, the trial court issued an Order Scheduling Hearing on Sex Offender Classification on December 14, 2012, which provides in part as follows: "The court will hold a classification hearing mandated by R.C. 2950 * * * .  The defendant shall be present for the hearing.  In the absence of retained

counsel, the defendant shall be represented by the office of the Miami County Public Defender. The defendant shall be conveyed from the institution to the hearing by the Miami County Sheriff."

{¶ 8}   In its Judgment Entry and Notice of Duties to Register Following Sex Offender Classification Hearing, the trial court found that Clay:

* * *   should be classified in accordance with the statutory sex offender classification provisions in effect at the time of his offense.  As noted by the Court of Appeals, where a defendant is erroneously classified as a Tier II sex offender under the Adam Walsh Act for conduct that occurred when Megan's Law was in effect, the remedy is ". . . classification under the law in effect at the time the offense was committed." [citing *State v. Benton*, 2d Dist. Miami   No. 2010-CA-27, 2012-Ohio-4080.]

The court held a classification hearing mandated by R.C. 2950, et seq., in effect at the time of the conduct giving rise to the defendant's conviction. Under Megan's Law, the defendant, James Clay, would be classified as a "sexually oriented offender" by operation of law based upon his conviction for sexual battery under R.C. 2907.03(A)(7).  There was no evidence presented at the hearing that would permit the court to find, by clear and convincing evidence, that any other classification was applicable.

Accordingly, the defendant, James Clay, is found to be a sexually oriented offender for purposes of sex offender registration and notification in accordance with O.R.C. Chapter 2950. * * *

The court provided notice to Clay of his 10-year registration duties.

{¶ 9} We note that Clay filed multiple requests for a transcript of the reclassification hearing, at the State's expense, and that this Court denied his request on October 15, 2013, noting that post-conviction "relief is a civil proceeding. Accordingly, 'a criminal defendant whose conviction is no longer subject to appellate review has no unqualified right to a transcript at state's expense.' *State v. Roberts*, 66 Ohio App.3d 654, 656, 585 N.E.2d 934 (9th Dist. Lorain 1991)."

{¶ 10} Clay asserts four assignments of error herein, which we will consider together. They are as follows:

"WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN RENDERING JUDGMENT IN APPELLANT'S ABSENCE,"

And,

"WHETHER THE TRIAL COURT ABUSED ITS DISCRETION BY NOT PROVIDING THE REQUISITE NOTICE OF THE HEARING,"

And,

"WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN ITS FAILURE TO VACATE A VOID JUDGMENT,"

And,

"WHETHER THE TRIAL COURT ABUSED IS DISCRETION IN FAILING TO RE-SENTENCE PURSUANT TO HOUSE BILL 86."

{¶ 11} Clay asserts that "Criminal Rule 43[1] demands the physical presence of

---

[1]"Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal

Appellant at every stage of the proceedings." He asserts, "[a]s reflected in the transcript of December 14, 2012, Appellant was not only restrained from addressing the court, judgment was not rendered until March 27, 2013, in his absence." Clay argues, it "is unambiguous that the lower court failed in its application of Criminal Rule 43 and due process to the prejudice of Appellant," such that plain error exists. Clay asserts that the court did not provide "the requisite notice of the sexual offender classification hearing," and that such notice "gives the Appellant the opportunity to prepare, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses." Clay asserts, "[a]lthough Appellant has been erroneously denied the transcript of the hearing of December 14, 2012, and in conflict with App.R. 12(A)(2) and App.R. 16(A), Appellant avers that the issues of his void sentence was (sic) brought to the attention of the lower court on the record." According to Clay, in reliance upon *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 880 N.E.2d 3, "the lower court had a clear duty to avoid procedural irregularities and vacate Appellant's imposed sentence and re-sentence Appellant." Finally, he asserts that the "sentencing provisions of H.B. 86 are effective for all offenders sentenced or re-sentenced after September 30, 2011, regardless of when those offenders committed their crimes. * * * The lower court failed to make separate and distinctive findings relating to the purpose and goal of criminal sentencing."

{¶ 12} We initially reiterate that Clay was not entitled to the transcript of the reclassification hearing at the State's expense, and that it was his duty to provide it. As noted by the Ohio Supreme Court:

---

proceeding and trial * * * ."   Crim.R. 43(A)(1)

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. * * * . *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 13}  Regarding Clay's reclassification, this Court recently noted:

"Ohio's version of the federal Megan's Law, Section 14071, Title 42, U.S. Code, was enacted in 1996, Am.Sub.H.B. No 180, 146 Ohio Laws, Part II, 2560, and significantly amended in 2003 by Am.Sub.S.B. No. 5 (S.B.5), 150 Ohio Laws, Part IV, 6558." [*State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108], *¶ 7*.  Subsequently, 2007 Am.Sub. S.B. No. 10 "was enacted in 2007, and is based on the federal Adam Walsh Act, Section 16901 et seq., Title 42 U.S. Code." *Id*.  In *Williams*, the Supreme Court of Ohio determined, "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws." *Id*., at syllabus.  As this court has noted, "a defendant improperly classified under the AWA can be re-classified under Megan's Law if his offenses were committed while Megan's Law was in effect.  *State v. Stubbs* [2d Dist. Greene No. 2011-CA-62,

2012-Ohio-2969]" *State v. Turner,* 2d Dist. Montgomery No. 25115, 2013-Ohio-806, ¶ 11, appeal not allowed, 136 Ohio St.3d 1405, 2013-Ohio-2645, 989 N.E.2d 1020. *State v. Boles*, 2d Dist. Montgomery No. 25526, 2013-Ohio-3376, ¶ 11.

**{¶ 14}** As this Court further noted in *Boles*:

* * * in *State v. Hayden*, 96 Ohio St. 3d 211, 2002-Ohio-4169, 773 N.E.2d 502, the Ohio Supreme Court held that the "Due Process Clauses of the Fourteenth Amendment to the United States Constitution and of Section 16, Article I of the Ohio Constitution do not require a trial court to conduct a hearing to determine whether a defendant is a sexually oriented offender." *Id*., at paragraph two of the syllabus. The *Hayden* Court determined, "according to R.C. Chapter 2950, if a defendant has been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), and is neither a habitual sex offender nor a sexual predator, the sexually oriented offender designation attaches as a matter of law." *Id., ¶* 12.

**{¶ 15}** Regarding Clay's first assigned error, we note that his reliance upon Crim.R. 43 is misplaced; post-conviction proceedings are civil in nature. More importantly, Clay was not entitled to a reclassification hearing and due process protections, since his reclassification arises as a matter of law. Finally, regarding Clay's argument that he was entitled to re-sentencing pursuant to H.B. 86, his notice of appeal is clearly limited to the trial court's March 27, 2013 decision which addressed his reclassification and not his sentence; he did not appeal from the trial court's August 9, 2012 Decision/Entry Overruling

Motion for Re-Sentencing. Additionally, Clay was sentenced in October, 2008, and the term of his sentence has expired. Finally, we note that H.B. 86 became effective on September 30, 2011, and "[w]e have previously rejected claims that H.B. 86 applies retroactively to an offender who was sentenced prior to the effective date of H.B. 86. * * *."

*State v. Clay*, 2d Dist. Miami No. 2011 CA 32, 2012-Ohio-3842, ¶ 10.

**{¶ 16}** Since the trial court properly reclassified Clay as a sexually oriented offender, his assigned errors are overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and HALL, J., concur.

Copies mailed to:

Janna L. Parker
James H. Clay
Hon. Christopher Gee