[Cite as *State v. Clay*, 2011-Ohio-2426.]

IN THE COURT OF APPEALS FOR MIAMI COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                :        C.A. CASE NO. 2010 CA 25

v.                                     :        T.C. NO.   07CR518

JAMES H. CLAY                          :       (Criminal appeal from
                                   Common Pleas Court)

    Defendant-Appellant               :

 

                                      :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    20th    day of     May     , 2011.

. . . . . . . . . .

ANTHONY E. KENDELL, Atty. Reg. No. 0067242, Assistant Prosecuting Attorney, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JAMES H. CLAY, #588915,   Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of James H. Clay, filed August 4, 2010.  Clay was indicted, on December 6, 2007, on one count of sexual battery, in violation of R.C. 2907.03(A)(7), a felony of the third degree.  Clay entered a plea of not guilty, and following a jury trial, Clay was found guilty on August 28,

2008. On October 9, 2008, Clay filed a motion to set aside the verdict and dismiss the indictment. The State opposed the motion, and Clay filed a reply. On October 10, 2008, the trial court overruled Clay's motion. The trial court sentenced Clay to a five year maximum sentence on October 16, 2008. We affirmed the judgment of the trial court. *State v. Clay*, Miami App. No. 08CA33, 2009-Ohio-5608.

{¶ 2} On May 24, 2010, Clay filed a "Motion to Correct Void Sentence," which the State opposed. After a hearing, the trial court overruled the motion.

{¶ 3} Clay asserts one assignment of error herein as follows:

{¶ 4} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN [IT] OVERRULED APPELLANT'S MOTION TO VOID SENTENCE."

{¶ 5} At the hearing on the motion to correct his sentence, Clay asserted that his sentencing entry failed to properly advise him regarding mandatory post-release control, and he asserted that he was "under the assumption that [post-release control] was optional."

{¶ 6} "'R.C. 2967.28 provides that every prison sentence for a felony of the first degree or a felony sex offense shall include a mandatory five-year period of post release control. *State v. Shackleford*, Montgomery App. No. 22891, 2010-Ohio-845. A trial court is required to notify the offender at the sentencing hearing about post-release control, and is further required to incorporate the specifics of that notice into its judgment of conviction setting forth the sentence the court imposed.'" (Citations omitted). *State v. Pointer*, Montgomery App. No. 24210, 2011-Ohio-1419, ¶ 23, quoting *State v. Renner*, Montgomery App. No. 24019, 2011-Ohio-502.

{¶ 7} As the trial court correctly noted at the hearing, a review of the sentencing

entry reveals the following language regarding post-release control:

**{¶ 8}** "* * *

**{¶ 9}** "Once Defendant is released from his term of incarceration at the Ohio Department of Rehabilitation and Correction, he has been notified that he is subject to mandatory Post-Release Control for five years ordered by the Adult Parole Authority.

**{¶ 10}** "* * *

**{¶ 11}** "After prison release, if post-release control is imposed, for violating post-release control conditions, the adult parole authority or parole board could impose a more restrictive or longer control sanction, return defendant to prison for up to nine months for each violation, up to a maximum of 50 percent of the stated term."

**{¶ 12}** We note, as did the trial court, that Clay signed a document captioned "Notification to Defendant Upon Sentencing" that provides in part: "(A). The undersigned Defendant in the above-captioned case, being represented by counsel, by signing below certifies that he/she has read this document and further does acknowledge notification, knowledge, and understanding of the following components of sentencing which shall apply if the Court determines at this sentencing hearing that a prison term is necessary or required in the above-captioned case.

**{¶ 13}** " * * *

**{¶ 14}** "(2) That if the Defendant is being sentenced * * * for a felony sex offense * * * that a period of post-release control pursuant to Section 2967.28 of the Revised Code will be imposed following the Defendant's release."

**{¶ 15}** Finally, we note that the trial court found at the hearing on Clay's motion to

correct his sentence, " * * * at Page 14 of the transcript on sentencing the transcript reads, 'It's the order of the Court that the Defendant shall serve five years in prison, pay the costs of the action. He's to be placed on five years post-release control. * * * ."

{¶ 16} Since the record demonstrates that Clay was properly notified regarding post-release control, the judgment of the trial court overruling his "Motion to Correct Void Sentence" is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Anthony E. Kendell
James H. Clay
Hon. Christopher Gee