[Cite as *State v. Young*, 2014-Ohio-2088.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

STATE OF OHIO                          :
                                       :       Appellate Case No.   25776
          Plaintiff-Appellee           :
                                       :       Trial Court Case No. 12-CR-2476
v.                                     :
                                       :
CRAIG I. YOUNG                         :       (Criminal Appeal from
                                       :        Common Pleas Court)
          Defendant-Appellant          :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of May, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. #0089541, Montgomery
County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box
972, 301 West Third Street, Dayton, Ohio 45422
          Attorney for Plaintiff-Appellee

MARCY A. VONDERWELL, Atty. Reg. #0078311, Finlay, Johnson & Beard Ltd., 260 North
Detroit Street, Xenia, Ohio 45385
          Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Craig Young appeals from his conviction and sentence for

Failure to Notify, in violation of R.C. 2950.05, a felony of the third degree. Young contends that the trial court erred in overruling his motion to dismiss, which was based on his collateral attack of an allegedly void sentence.

{¶ 2} We conclude that the trial court did not err in overruling Young's motion to dismiss. Accordingly, the judgment of the trial court is Affirmed.

## I. Young Is Convicted of Gross Sexual Imposition and Required to Register with, and Notify, the Sheriff of any Changes of Address

{¶ 3} In November 2000, Craig Young was indicted by a Montgomery Grand Jury on one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. In 2001, Young was found guilty of Gross Sexual Imposition and sentenced to two years in prison. The trial court found that Young was a sexually oriented offender. Consequently, Young was required to register as a sex offender with the sheriff of the county of his residence for a period of ten years and to notify the sheriff of any change of address. And because Young was sentenced to a prison term on the felony sex offense, the trial court was required to impose mandatory post-release control. In the sentencing entry, the trial court stated, in part: "[t]he Court advised the defendant that following the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board." Young did not appeal from his conviction and sentence.

{¶ 4} Young completed his prison sentence and the period of post-release control imposed on his conviction for Gross Sexual Imposition. Between 2003 and 2010, Young was indicted and convicted several times for failing to fulfill his registration and notification duties

pursuant to R.C. Chapter 2950.

## II. Course of the Proceedings

{¶ 5}    In October 2012, a Montgomery County Grand Jury indicted Young on one count of Failure to Notify, in violation of R.C. 2950.05, a felony of the third degree.   Young filed two motions to dismiss his indictment, both of which were overruled by the trial court.   Young then pled no contest to the Failure to Notify charge.   The trial court found him guilty as charged and sentenced him to two years in prison, to be served concurrently with another prison sentence imposed in another case.

{¶ 6}    From this judgment of conviction and sentence, Young appeals.

## III. Young Cannot Collaterally Attack the Portions of his
## Conviction and Sentence that Are Not Void

{¶ 7}    Young's sole assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT OVERRULED DEFENDANT'S MOTION TO DISMISS.

{¶ 8}    In his motion to dismiss the indictment, Young contended that the Supreme Court of Ohio's decision in *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, allows him to attack as void the sentence he received for Gross Sexual Imposition in 2001. According to Young, the trial court's failure to properly impose post-release control in 2001 renders his sentence for Gross Sexual Imposition void.   As a result, Young contends that he cannot be convicted of a Failure to Notify charge, because his duty to notify resulted from his void sentence for Gross Sexual Imposition.   We disagree.

{¶ 9}    In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the

Supreme Court of Ohio held that "[a] sentence that does not include the statutorily mandated

term of postrelease control is void, is not precluded from appellate review by principles of res

judicata, and may be reviewed at any time, on direct appeal or by collateral  attack."  *Id.* at

paragraph one of the syllabus.   The Court also held, however, that "[a]lthough the doctrine of res

judicata does not preclude review of a void sentence, res judicata still applies to other aspects of

the merits of a conviction, including the determination of guilt  and the lawful elements of the

ensuing sentence."  *Id.* at paragraph three of the syllabus.  Thus, pursuant to the holdings in

*Fischer*, Young could challenge as void the portion of his sentence relating to post-release

control, but res judicata would apply to the other aspects of the conviction, which included the

determination of guilt and the resulting duties to register and notify with the county sheriff.

{¶ 10}  Young contends that the Court's subsequent decision in *Billiter*, however,

changes the result under *Fischer* and renders void all of the aspects of the 2001 judgment of

conviction and sentence.  In its decision overruling Young's motion to dismiss, the trial court

rejected this contention:

> *Billiter*, however, is distinguishable from the case at bar.  At issue in
>
> *Billiter* was whether the defendant's sentence for post-release control was void,
>
> and thus his charge of escape was based on that void sentence.  In the case at bar,
>
> Defendant argues that the failure of the Court to properly sentence him to
>
> post-release control renders his *entire* conviction for gross sexual imposition to be
>
> void.  Unlike Billiter, Defendant is not charged with escape for violating his
>
> post-release control.  Rather, Defendant's charged offense of failure to notify is
>
> not based on his underlying sentence.  It is based on his prior conviction for gross

sexual imposition. While *Billiter* does allow defendants to collaterally attack a sentence that was issued in error, it does not permit a collateral attack on other lawful aspects of the conviction. The Court finds that the ruling in *State v. Fischer*, 128 Ohio St.3d 92, 2010 Ohio 6238 still applies to the facts of this case. In *Fischer*, the Ohio Supreme Court held "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer*, supra, at paragraph three of the syllabus. *Billiter* expanded upon *Fischer* to the point of permitting collateral attacks on a void sentence. *Billiter*, however, did not overrule *Fischer's* holding that res judicata is a bar to relitigating other, lawful portions of a conviction. Dkt. 39, p. 2.

{¶ 11} As the trial court explained, the facts in *Billiter* are significantly different from the facts in the case before us. In *Billiter*, the Court was faced with a post-release control portion of a sentence that was void and a subsequent conviction for escape that was based on a violation of the void post-release control portion of the previous sentence. Under those facts and the precedence in *Fischer*, Billiter was able to attack his escape conviction as flowing from a void sentence. But Young cannot make the same contention in this case, because his Failure to Notify conviction was not related to the post-release control portion of his sentence. Young's Failure to Notify conviction was based on duties imposed on him by the portion of the 2001 judgment of conviction and sentence that Young has not challenged as void. Consequently, Young is precluded by *res judicata* from now attempting to collaterally attack those valid

portions of his conviction and sentence for Gross Sexual Imposition, which are not void. *Fischer.*

{¶ 12}  In order to adopt Young's position in this case, we would have to conclude that the Court's decision in *Billiter* overruled the Court's holding in *Fischer*.   But the *Billiter* Court specifically relied on *Fischer*.

{¶ 13}  The sole assignment of error is overruled.

## IV. Conclusion

{¶ 14}  Young's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
April F. Campbell
Marcy A. Vonderwell
Hon. Barbara P. Gorman