[Cite as *State v. Clay*, 2016-Ohio-424.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

STATE OF OHIO                           :

                                    :

        Plaintiff-Appellee                :

v.                                     :

JAMES H. CLAY                          :

        Defendant-Appellant          :

                                    :

Appellate Case No. 2015-CA-17

Trial Court Case No. 07-CR-518

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of February, 2016.

. . . . . . . . . . .

ANTHONY E. KENDELL, by JANNA L. PARKER, Atty. Reg. No. 0075261, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
       Attorney for Plaintiff-Appellee

JAMES H. CLAY, Inmate #588-915, Chillicothe Correctional Institution, Post Office Box 5500, Chillicothe, Ohio 45601
       Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant James H. Clay appeals from an order of the trial court

overruling his motion to vacate the portion of his sentence imposing court costs, fines, and fees. Clay contends that the trial court's failure to comply with the statutory requirements of R.C. 2947.23 renders his sentence void. Following our own precedent in *State v. Isa*, 2d Dist. Champaign No. 2014-CA-31, 2015-Ohio-2876, and in *State v. Thompson,* 2d Dist. Montgomery No. 26364, 2015-Ohio-1984, we conclude that Clay's claim is barred by the doctrine of res judicata. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.

## I. Clay's Conviction, Prior Appeals, and Post-Appeal Motion

{¶ 2} In 2008, Clay was convicted of one count of Sexual Battery, in violation of R.C. 2907.03(A)(7), a felony of the third degree. Clay was sentenced to serve a five-year term of imprisonment, and to pay costs. With regard to costs, the sentencing entry provides:

2. That Defendant is to pay the costs herein. Further, the Court hereby grants judgment against the Defendant and in favor of the County of Miami, State of Ohio, in the amount of $5126.47 pursuant to Section 2947.23 of the Ohio Revised Code.

* * *

Defendant is ordered to pay any restitution, all prosecution costs, court appointed counsel costs and any fees permitted pursuant to R.C. §2929.18(A)(4).

Dkt. #51.

{¶ 3} On appeal, we overruled Clay's six assignments of error, and affirmed his

conviction and sentence. *State v. Clay*, 2d Dist. Miami No. 08CA33, 2009-Ohio-5608. None of the six assignments of error raised an issue involving sentencing. In 2010, Clay filed a post-conviction motion to correct a void sentence. The basis of the motion was the court's alleged non-compliance with R.C. 2929.191, requiring notification of mandatory post-release control. The motion was overruled after a hearing.  We affirmed. *State v. Clay,* 2d Dist. Miami No. 2010CA25, 2011-Ohio-2426.  In 2011, Clay filed a motion for re-sentencing, which was overruled by the trial court.  In 2012 Clay filed a motion to vacate and for resentencing, which was overruled by the trial court.  We affirmed. *State v. Clay*, 2d Dist. Miami No. 2011 CA 32, 2012-Ohio-3842.  In 2012, Clay moved for a declaratory judgment, asking to vacate the sex-offender classification portion of his sentence. A sex-offender classification hearing was conducted, and the portion of Clay's sentence regarding sex-offender classification was modified.  We affirmed. *State v. Clay,* 2d Dist. Miami No. 2013CA11, 2014-Ohio-950. In 2013, Clay filed a writ of procedendo in this court, which was dismissed as moot. Our dismissal was affirmed by the Supreme Court of Ohio. *State ex rel. Clay v. Gee,* 138 Ohio St. 3d 151, 2014-Ohio-48, 4 N.E.3d 1026. Clay has also been denied a writ of habeas corpus from the U.S. District Court for the Southern District of Ohio. *Clay v. Jenkins*, S.D. Ohio No. 3:14-CV-319, 2015 WL 2091764 (May 5, 2015).

{¶ 4}  In 2015, Clay moved the trial court to vacate his sentence upon the ground that the court failed to notify him at the time of his sentencing that he may be required to perform community service if he is unable to pay the costs imposed as part of his sentence.  The trial court overruled the motion based on res judicata, finding that the defendant did not raise this issue in the initial appeal from his conviction. From the order

overruling this motion, Clay appeals.

## II. Standard of Review

**{¶ 5}** Clay's assertion that the portion of his sentence assessing costs is void raises a question of law. We review questions of law with a de novo standard of review. *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, 769 N.E.2d 835, ¶ 4. De novo review requires an "independent review of the trial court's decision without any deference to the trial court's determination." *Jackson v. Internatl. Fiber*, 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189, ¶ 17 (2d Dist.), quoting *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 27 (3d Dist.).

## III. The Alleged Sentencing Error Is Barred by Res Judicata

**{¶ 6}** Clay's sole assignment of error asserts as follows:

THE COURT COMMITTED PREJUDICIAL ERROR BY IMPOSING

A FLAWED SANCTION OF COSTS.

**{¶ 7}** Clay asserts that the trial court failed to comply with the statutory requirements set forth in R.C. 2947.23(A)(1)(a), which provides[1]:

(a) In all criminal cases, including violations of ordinances, the judge

or magistrate shall include in the sentence the costs of prosecution,

including any costs under section 2947.231 of the Revised Code, and

render a judgment against the defendant for such costs. If the judge or

---

[1] R.C. 2947.23 has been amended four times since 2008, when Clay was sentenced. However, the language of R.C. 2947.23(A)(1)(a) and (b) in effect in 2008 is identical to the present language of R.C. 2947.23 (A)(1)(a)(i) and (ii).

magistrate imposes a community control sanction or other nonresidential sanction, the judge or magistrate, when imposing the sanction, shall notify the defendant of both of the following:

(i) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(ii) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶ 8} We acknowledge that the record does not indicate that Clay was informed at the time of sentencing that he could be ordered to perform community service if he fails to pay the monetary portion of his sentence. But Clay did not raise this issue in his initial appeal, or in any of his prior post-conviction motions or appeals.

{¶ 9} The State argues that the doctrine of res judicata prevents this court from considering an issue that Clay could have raised in the initial appeal from his conviction, but did not raise at that time. Clay responds that a void judgment may be reviewed at any time. "In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Supreme Court of Ohio held that '[a] sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by

collateral attack.' *Id.* at paragraph one of the syllabus. The court also held, however, that '[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.' *Id.* at paragraph three of the syllabus." *State v. Young*, 2d Dist. Montgomery No. 25776, 2014-Ohio-2088, ¶ 9. In the case before us, Clay is challenging as void the portion of his sentence imposing costs, as an "unlawful element" of his sentence. Therefore, the issue before us is whether res judicata applies to the portion of the sentence that ordered him to pay costs, without Clay's having been informed of the possibility of community service in lieu of paying costs during the period of post-release control.

{¶ 10} "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). "Res judicata applies to any defense that was raised or could have been raised in a criminal defendant's prior direct appeal from his conviction. *State v. Isa*, 2d Dist. Champaign No. 2014-CA-31, 2015-Ohio-2876, ¶ 11, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶ 11} We have applied the doctrine of res judicata to the portion of a sentence addressing costs and the lack of notice regarding community service in two recent appeals. As in the case before us, in *State v. Isa* the defendant filed a post-conviction motion years after his initial conviction was affirmed, seeking to vacate his sentence based on the trial court's failure to notify him that he may be ordered to do community

service as part of his post-release control. We held that the trial court's failure to notify the defendant of the possibility of community service should he fail to pay court costs did not render that portion of the judgment void. *Id.* at ¶13. We relied on *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph 3 of the syllabus, which holds that an appellate challenge to the trial court's failure to provide the notice required by R.C. 2947.23(A)(1) must be asserted in a direct appeal after the sentencing entry is journalized.

{¶ 12} And in *State v. Thompson,* 2d Dist. Montgomery No. 26364, 2015-Ohio-1984, we found a similar appeal lacked merit, even when the State conceded error based on the trial court's failure to comply with the mandate in R.C. 2947.23(A)(1) to notify the defendant of the possibility of community service. We held that the doctrine of res judicata bars the defendant from raising in a post-conviction motion an issue regarding the trial court's failure to notify when the defendant failed to raise that issue in his initial appeal.

{¶ 13} Since Clay could have raised his argument regarding the trial court's non-compliance with R.C. 2947.23(A)(1) in his initial appeal, we conclude that Clay is barred by the doctrine of res judicata from raising it in a post-conviction motion. Clay's sole assignment of error is overruled.

### IV. Conclusion

{¶ 14} Clay's sole assignment of error having been overruled, the order of the trial court overruling Clay's motion to vacate his sentence is Affirmed.

. . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.


Copies mailed to:

Anthony E. Kendell
Janna L. Parker
James H. Clay
Hon. Christopher Gee