[Cite as *State v. Hunter*, 2017-Ohio-4180.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104789

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# ISAAC HUNTER

DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604839-A

**BEFORE:** E.T. Gallagher, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** June 8, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:    Daniel T. Van
          Brett Hammond
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Mark Stanton
Cuyahoga County Public Defender

BY:    Erika B. Cunliffe
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Appellant, the state of Ohio, appeals the decision of the trial court to dismiss the indictment against defendant-appellee, Isaac Hunter ("Hunter"), for preindictment delay. The state raises the following assignment of error:

> The trial court erred in dismissing the indictment as appellee failed to present evidence establishing that he suffered substantial and actual prejudice due to preindictment delay.

**{¶2}** After careful review of the record and relevant case law, we reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

## I. Procedural and Factual History

**{¶3}** On April 27, 1997, 13-year-old Jane Doe was walking with her female friends when she was approached by her boyfriend, Hunter, who was 16 years old at the time, and three other juvenile males. One of the juvenile males showed Jane Doe a gun in his waistband, and the juvenile males forced her into a nearby abandoned house. Once inside the abandoned house, the four juvenile males ordered Jane Doe to remove her clothes. After several minutes, Hunter made his friends leave the room and he then forced Jane Doe to have vaginal sex with him.

**{¶4}** Jane Doe subsequently went home and immediately told her mother what had occurred. Her mother contacted the police, who took a statement from Jane Doe, and initiated a search for the suspects based on the available information. Jane Doe was then transported to Mt. Sinai Medical Center, and a rape kit was collected. Ultimately, the

investigating officers did not pursue the matter further because Jane Doe indicated that she was scared to move forward with the case because she attended the same school as the four juvenile males.

{¶5} In February 2014, the Bureau of Criminal Investigation ("BCI") processed Jane Doe's rape kit as a part of a sexual assault initiative. In November 2015, BCI determined that semen recovered from Jane Doe's jeans matched a sample of Hunter's DNA.

{¶6} In March 2016, Hunter was indicted on charges of rape and kidnapping, arising from the incident that occurred nearly 19 years earlier. In June 2016, Hunter filed a motion to dismiss his indictment based on preindictment delay, stating that "the inexcusable delay of the State of Ohio in failing to formally indict Mr. Hunter with the rape and kidnapping until just one year short of twenty years is a violation of his due process rights under both the Federal and Ohio Constitutions." Hunter further argued that the state's delay led to the loss of critical evidence and substantially prejudiced his ability to confront and defend against the charges levied against him. The state opposed the motion and a hearing was held in June 2016.

{¶7} At the hearing, Officer Anthony Krastas testified that he was involved in the investigation into the cold rape case that occured on April 27, 1997. Officer Krastas stated that Hunter was named a suspect in that case and that Hunter's age and address were known by the police in 1997. In the course of his investigation, Officer Krastas came to learn of multiple witnesses, including Hunter, the three other juvenile male

suspects, and a female friend of Jane Doe, who was believed to have seen the gun at the time Jane Doe was threatened with the weapon. Officer Krastas testified that he was only able to locate one of the other juvenile males, who were alleged to have been involved in the incident. However, the juvenile male indicated that he had no memory of the incident. Officer Krastas further testified that, to the best of his knowledge, the investigating officers did not interview Hunter following Jane Doe's initial statement to the police in 1997.

{¶8} Following the hearing, the trial court granted Hunter's motion to dismiss. The state now appeals from the trial court's judgment.

## II. Law and Analysis

{¶9} In its sole assignment of error, the state argues the trial court erred in dismissing the indictment for preindictment delay. The state contends that Hunter failed to present evidence to establish that he suffered actual prejudice due to preindictment delay.

{¶10} The statute of limitations for a criminal offense is a defendant's primary protection against overly stale criminal charges. *U.S. v. Marion*, 404 U.S. 307, 322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In some circumstances, however, the Due Process Clause of the Fifth Amendment provides limited protection against preindictment delay. *U.S. v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). "An unjustifiable delay between the commission of an offense and a defendant's indictment therefor[e], which results in actual prejudice to the defendant, is a violation of the right to due process

of law." *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus.

**{¶11}** The Ohio Supreme Court has "firmly established a burden-shifting framework for analyzing a due-process claim based on preindictment delay. Once a defendant presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 13. A court must determine whether the defendant has established actual prejudice to his ability to defend himself before independently determining whether the state met its burden of establishing a justifiable reason for the delay in bringing charges. *Id.* at ¶16-18, 29. Thus, when a defendant fails to establish prejudice, it is unnecessary to consider the reasons for the delay. *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 107.

**{¶12}** In *Jones*, the Ohio Supreme Court set forth the appropriate standard for gauging actual prejudice, which involves a "delicate judgment" and a "case-by-case consideration" of the particular circumstances. *Id*. at ¶ 20. In determining actual prejudice, "[a] court must 'consider the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay.'" *Id.*, quoting *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 52. A claim of actual prejudice should be scrutinized "vis-à-vis the particular evidence that was lost or unavailable as a result of the delay" and "the relevance of the lost evidence and its purported effect on the defense." *Id*. at ¶ 23.

**{¶13}** "The '*possibility* that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice.'" *Id.* at ¶ 21, quoting *Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127 at ¶ 105. (Emphasis sic.) "Those are 'the real possibilit[ies] of prejudice inherent in any extended delay,' and statutes of limitations sufficiently protect against them." *Id.*, citing *Marion*, 404 U.S. at 326, 92 S.Ct. 455, 30 L.Ed.2d 468. "That does not mean, however, that demonstrably faded memories and actually unavailable witnesses or lost evidence cannot satisfy the actual-prejudice requirement." *Id.* The *Jones* court explained that even when a defendant does not know what the exact substance of an unavailable witness's testimony would have been, actual prejudice may still be shown where

> missing evidence or unavailable testimony, identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense.

*Jones,* 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688 at ¶ 28, citing *Luck*, 15 Ohio St.3d 150, 157, 472 N.E.2d 1097 (1984).

**{¶14}** In light of *Jones*, it is evident that a defendant is not required to establish "precisely" what an unavailable witness would have testified to at trial and that the testimony would have been directly exculpatory. *Id.* at ¶ 27. However,

> a defendant cannot rely upon broad assertions of missing evidence or an unavailable witness to establish prejudice. A defendant must demonstrate a viable, tangible connection between the missing evidence or the unavailable witness to the defense of the case.

*State v. Richardson*, 8th Dist. Cuyahoga No. 103925, 2016-Ohio-5843, ¶ 13. As the

Ohio Supreme Court recognized in *Jones*, the due-process requirement of actual prejudice

may be shown upon "the proven unavailability of specific evidence or testimony that

would attack the credibility or weight of the state's evidence against a defendant, and

thereby aid in establishing a defense." *Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69

N.E.3d 688, at ¶ 25. Thus, while precision is not required, "there must be some

indication in the record of what the missing evidence or unavailable witness might have

offered." *Richardson* at ¶ 13.

{¶15} Once a defendant has established actual prejudice, the state must produce

evidence of a justifiable reason for delay in the commencement of prosecution. *Walls*,

96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829 at ¶ 51. A delay can be found to

be unjustifiable

> when the state's reason for the delay is to intentionally gain a tactical
> advantage over the defendant, *see United States v. Marion*, [404 U.S. at
> 324, 92 S.Ct. 455, 30 L.Ed.2d 468], or when the state, through negligence
> o[r] error in judgment, effectively ceases the active investigation of a case,
> but later decides to commence prosecution upon the same evidence that was
> available to it at the time that its active investigation was ceased.

*Luck*, 15 Ohio St.3d at 158, 472 N.E.2d 1097. The length of delay will typically be the

"key factor" in determining whether a delay caused by the state's negligence or error in

judgment is justifiable. *Id*. Thereafter, the due process inquiry involves a balancing

test by the court, weighing the reasons for the delay against the prejudice to the defendant,

in light of the length of the delay. *Id*. at 154.

**{¶16}** In reviewing a trial court's decision on a motion to dismiss for preindictment delay, this court applies a de novo standard of review to the legal issues, but we afford great deference to the findings of fact made by the trial judge. *State v. Smith*, 8th Dist. Cuyahoga No. 100501, 2014-Ohio-3034, ¶ 23, citing *State v. Wade*, 8th Dist. Cuyahoga No. 90029, 2008-Ohio-4574, ¶ 45.

**{¶17}** In this case, Hunter generally claims that he was prejudiced by (1) his own faded memory, (2) the faded memories of the lone witness discovered by Officer Krastas, and (3) the state's inability to locate witnesses, including Jane Doe's female friend, and the remaining two male juveniles who were alleged to have been involved in the incident. Hunter further argues that he was prejudiced by the delay in prosecution because he was a juvenile at the time the offense occurred and was now being prosecuted as an adult.

**{¶18}** With respect to Hunter's faded memory, "a defendant's own general assertion that he does not remember details of an event that occurred nearly 20 years ago does not, in and of itself, constitute actual prejudice. *Smith* at ¶ 26; *State v. Ricosky*, 5th Dist. Stark No. 2003CA00174, 2004-Ohio-2091, ¶ 15. In addition, we are unpersuaded by Hunter's suggestion that he was prejudiced by the delay in prosecution because he was a juvenile at the time the offense was alleged to have occurred. In our view, legal arguments concerning Hunter's age at the time of his indictment relate solely to the subject matter jurisdiction of the common pleas court and do not concern Hunter's due process rights or his ability to defend himself. *Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829; *State v. Lawrence*, 8th Dist. Cuyahoga No. 104316,

2016-Ohio-7618. Thus, the fact that Hunter is now an adult does not constitute actual prejudice.

**{¶19}** Regarding Hunter's claims of missing evidence or unavailable testimony, we are cognizant that at the time the trial court rendered its judgment in this case, the Supreme Court of Ohio had yet to issue its decision in *Jones*. Because the trial court, through no fault of its own, applied the "basic concepts of due process and fundamental justice" standard articulated by the majority en banc decision of this court, we reverse and remand for the court to apply the appropriate burden-shifting analysis and the actual-prejudice standard set forth above. On remand, the trial court shall consider whether testimony from the "missing witnesses" would have "minimized or eliminated the impact of the state's case against him" and whether Hunter can "provide an explanation of what exculpatory testimony [the witnesses] [sic] might have offered." *Jones* at ¶ 28, citing *Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 103. *See also Smith*, 8th Dist. Cuyahoga No. 100501, 2014-Ohio-3034, at ¶ 20. Hunter need not set forth exactly what an unavailable witness might have said if he or she were available to testify. *Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, at ¶ 28. However, "it is still necessary that the defendant explain how the unavailable witness's testimony would hurt or undermine the state's case and aid the defense." *State v. Dickerson*, 8th Dist. Cuyahoga No. 102461, 2017-Ohio-177, ¶ 71 (Stewart, J., dissenting).

**{¶20}** Based on the foregoing, we reverse and remand for the trial court to apply the appropriate legal standard.

**{¶21}** The state's sole assignment of error is sustained.

**{¶22}** Judgment reversed; case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR