[Cite as *State v. Jabbar*, 2021-Ohio-1191.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 109642 |
| v. | : | |
| ALI JABBAR, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 8, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-642285-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kerry A. Sowul, Assistant Prosecuting Attorney, *for appellee.*

Michael J. Goebl, *for appellant.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Ali Jabbar brings this appeal challenging his conviction for unlawful sexual conduct with a minor. Appellant argues that the trial court erred in denying his motion to dismiss for preindictment delay without

holding an evidentiary hearing.  After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} The instant matter pertains to an incident that occurred on March 29, 2004, during which appellant committed sex offenses against the victim, J.G.  At the time of the incident, appellant was 19 years old and the victim was 13 years old.

{¶ 3} A DNA match from the victim's rape kit identified appellant as the perpetrator of the sex offenses.  After obtaining the DNA match, the state contacted the victim, and she confirmed that she did not consent to the sexual offenses committed by appellant.

{¶ 4} On August 1, 2019, in Cuyahoga C.P. No. CR-19-642285-A, appellant was charged in a two-count indictment with:  (1) rape, a first-degree felony in violation of R.C. 2907.02(A)(2), with a sexually violent predator specification, and (2) unlawful sexual conduct with a minor, a fourth-degree felony in violation of R.C. 2907.04(A).  Appellant pled not guilty to the indictment during his August 15, 2019 arraignment.

{¶ 5} On December 3, 2019, appellant filed a motion to dismiss the indictment based on preindictment delay.  Therein, appellant argued that he suffered actual prejudice as a result of the 15-year delay between the March 2004 incident and the August 2019 indictment.  Appellant contends that the victim's account of the events leading up to the March 2004 encounter with the victim "mentions several witnesses and locations which could have been investigated in

2004, but are no longer available." Regarding the witnesses and locations that could have been investigated, the victim reported that she was with her best friend when she first met appellant; appellant gave his number to the victim's friend Precious; and the victim and appellant may have been with the victim's friends at McDonald's and a fashion show at Shaw High School before the sexual conduct occurred. Appellant stated that the sexual conduct occurred either inside of appellant's friend's house, or in appellant's truck outside of appellant's friend's house.

{¶ 6} In his motion to dismiss, appellant did not demonstrate why these potential witnesses were no longer available, or indicate what, if any, efforts had been made to locate these witnesses. Appellant claims that his friend whose house the sexual conduct occurred at can no longer be identified, but appellant does not explain why his friend cannot be identified. Appellant argued that had defense counsel been able to speak with these witnesses, "they *may have aided* in the understanding of what had happened between [appellant] and [the victim]." (Emphasis added.) Finally, appellant asserted that "important witnesses are unavailable, unidentifiable, or unable to recall the events of a day over fifteen [years] in the past." Appellant requested a hearing on his motion to dismiss.

{¶ 7} The state filed a brief in opposition to appellant's motion to dismiss on January 8, 2020. Therein, the state argued that appellant failed to meet his burden of demonstrating actual prejudice, and as a result, the burden did not shift to the state to demonstrate that the delay in prosecution was justified. Even if appellant met his burden, the state argued that the delay in prosecution was justified and

based upon new evidence — the DNA match from the victim's rape kit identifying appellant as the perpetrator. The state asserted that "additional DNA testing had to be conducted to identify [appellant], specifically Y-STR testing had to be conducted. The testing was only able to be done once [appellant] was identified and a DNA swab was taken from [appellant] and submitted to BCI."

{¶ 8} On January 14, 2020, the trial court converted the trial date, set for February 4, 2020, to a motion hearing "[a]t the request of [appellant]." (Emphasis added.) During the February 4, 2020 hearing, however, appellant's motion to dismiss based on preindictment delay was not addressed by the parties or the trial court. As set forth in further detail below, the record reflects that appellant effectively or implicitly withdrew his motion to dismiss and accepted the plea agreement offered by the state. Furthermore, the trial court did not specifically rule on appellant's motion to dismiss at this time, either on the record or in a journal entry.[1]

{¶ 9} During the February 4, 2020 hearing, the parties presented a plea agreement to the trial court. Appellant pled guilty to the unlawful sexual conduct offense charged in Count 2. Count 1 was nolled. The trial court advised appellant that he would be classified as a sexual predator.

{¶ 10} On February 6, 2020, the trial court sentenced appellant to nine months in prison. The trial court ordered appellant's nine-month sentence to run

---

[1] This court presumes that the trial court denied the motion to dismiss. *See State v. Wilson*, 8th Dist. Cuyahoga No. 105876, 2018-Ohio-3666, ¶ 5.

consecutively to appellant's 13-year prison sentence in Cuyahoga C.P. No. CR-11-551246-A.[2]  The trial court classified appellant a sexual predator and reviewed appellant's reporting requirements.  Although the trial court did not specifically rule on appellant's motion to dismiss, the trial court's February 6, 2020 sentencing journal entry provides, in relevant part, "[a]ll motions not specifically ruled on prior to the filing of this judgment entry are denied as moot."

{¶ 11} On March 25, 2020, appellant filed the instant appeal challenging the trial court's judgment.  He assigns one error for review:

> I. The trial court committed reversible error when it denied [appellant's] motion to dismiss due to pre-indictment delay.

## II. Law and Analysis

### A. Preindictment Delay

{¶ 12} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to dismiss based on preindictment delay.

{¶ 13} An unjustifiable delay between the commission of an offense and a defendant's indictment for committing that offense, which results in actual prejudice to the defendant, is a violation of the right to due process of law under Section 16, Article I, of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.  *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus.

---

[2] In March 2012, appellant pled guilty to rape and kidnapping with a three-year firearm specification and sexual motivation specification.  The trial court sentenced appellant to a prison term of 13 years.  Appellant was serving this sentence when he was indicted for the March 2004 incident.

{¶ 14} The applicable statute of limitations is the "primary guarantee against bringing overly stale criminal charges." *State v. Copeland*, 8th Dist. Cuyahoga No. 89455, 2008-Ohio-234, ¶ 10, citing *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). The statute of limitations for rape is 25 years, and the statute of limitations for unlawful sexual conduct with a minor is 20 years. R.C. 2901.13(A)(3)(a) and (A)(4). In this case, it is undisputed that appellant was indicted within the applicable statutes of limitations.

{¶ 15} Nevertheless, even when the defendant is indicted within the statute of limitations, the delay between the commission of an offense and an indictment can, under certain circumstances, constitute a violation of due process of law guaranteed by the federal and state constitutions. *Lovasco* at 789; *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). For example, a delay in commencing prosecution is not justified when the state uses the delay to gain a tactical advantage or through negligence or error ceases its investigation, and then subsequently decides to prosecute without new evidence. *Marion* at 324; *Luck* at 158.

{¶ 16} Courts apply a two-part test to determine whether a delay in prosecution constitutes a due process violation. Defendants have the initial burden to show that they were substantially and actually prejudiced by the delay. *State v. Whiting*, 84 Ohio St.3d 215, 217, 702 N.E.2d 1199 (1998). However, "proof of actual prejudice, alone, will not automatically validate a due process claim." *Luck*, 15 Ohio St.3d at 154, 472 N.E.2d 1097, citing *Marion*. If the defendant establishes "actual

prejudice," the burden then shifts to the state to produce evidence of a justifiable reason for the delay. *Id.* Thereafter, the due process inquiry involves a balancing test in which the court weighs the reasons for the delay against the prejudice to the defendant in light of the length of the delay. *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 51.

{¶ 17} In *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, the Ohio Supreme Court explained:

> A determination of actual prejudice involves "'a delicate judgment'" and a case-by-case consideration of the particular circumstances. *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 52, quoting *Marion*, 404 U.S. at 325, 92 S.Ct. 455, 30 L.Ed.2d 468. A court must "consider the evidence as it exists when the indictment is filed and the prejudice the defendant will suffer at trial due to the delay." *Id.* This court has suggested that speculative prejudice does not satisfy the defendant's burden. *Id.* at ¶ 56 (noting that Walls's claims of prejudice were speculative at best); [*State v.*] *Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 100 (noting the difficulty for defendants claiming unconstitutional preindictment delay because "proof of prejudice is always speculative").

*Jones* at ¶ 20.

{¶ 18} "[T]he possibility that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice." *Adams* at ¶ 105, citing *Marion*. "Those are 'the real possibilit[ies] of prejudice inherent in any extended delay,' and statutes of limitations sufficiently protect against them." *Jones* at ¶ 21, quoting *Marion* at 326. "That does not mean, however, that demonstrably faded memories and actually unavailable witnesses or lost evidence cannot satisfy the actual-prejudice requirement." *Id.* Actual prejudice

exists when missing evidence or unavailable testimony, that is identified by the defendant and relevant to the defense, would minimize or eliminate the impact of the state's evidence and bolster the defense. *Id.* at ¶ 28, citing *Luck.* The burden upon a defendant seeking to prove that preindictment delay violated due process is, however, "'nearly insurmountable,'" particularly "because proof of prejudice is always speculative." *Adams* at ¶ 100, quoting *United States v. Montgomery*, 491 Fed.Appx. 683, 691 (6th Cir.2012).

{¶ 19} This court applies a de novo standard of review to a trial court's decision regarding legal issues in a motion to dismiss for preindictment delay. *State v. Knox*, 8th Dist. Cuyahoga Nos. 103662 and 103664, 2016-Ohio-5519, ¶ 12, citing *State v. Gaines*, 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814 (12th Dist.). "De novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Clay*, 2d Dist. Miami No. 2015-CA-17, 2016-Ohio-424, ¶ 5.

{¶ 20} However, this court has held that we afford great deference to the findings of fact made by the trial judge pertaining to the issue of preindictment delay. *State v. Walker*, 8th Dist. Cuyahoga No. 106414, 2018-Ohio-3669, ¶ 15, citing *State v. Hunter*, 2017-Ohio-4180, 92 N.E.3d 137, ¶ 16 (8th Dist.). Therefore, this court must accept the trial court's factual findings if they are supported by competent and credible evidence in the record. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982).

{¶ 21} As an initial matter, we note that the record reflects that appellant implicitly abandoned or withdrew his motion to dismiss. After appellant filed his motion to dismiss and requested a hearing on the motion, the trial court set a motion hearing for February 4, 2020. Appellant made no mention whatsoever during the February 4, 2020 hearing about the motion to dismiss he previously filed. Appellant did not seek to present an oral argument in support of his motion. Nor did appellant indicate that the motion to dismiss was pending and request a ruling from the trial court. Rather, appellant knowingly, intelligently, and voluntarily accepted the plea agreement proffered by the state. Appellant made a tactical, strategical decision to plead guilty rather than pursuing the preindictment-delay issue.

{¶ 22} Furthermore, appellant does not argue in this appeal that his guilty plea was not knowingly, intelligently, or voluntarily entered, or that the trial court failed to comply with Crim.R. 11 during the change-of-plea hearing. By pleading guilty, appellant waived all constitutional errors apart from the constitutional errors that affected his guilty plea. *See State v. Thompson*, 8th Dist. Cuyahoga No. 104322, 2016-Ohio-8310, ¶ 4, citing *State v. Ware*, 11th Dist. Lake No. 2007-L-154, 2008-Ohio-3992, ¶ 25, and *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ("When a criminal defendant has solemnly admitted in open court that he [or she] is in fact guilty of the offense with which he [or she] is charged, he [or she] may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

{¶ 23} Even if appellant did not waive his right to raise the issue of preindictment delay on appeal by pleading guilty, the record does not reflect that appellant suffered actual prejudice as a result of the delay between the incident and his subsequent indictment, and appellant has failed to meet his initial burden of demonstrating actual prejudice. *See Thompson* at ¶ 6, citing *Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097, at paragraph two of the syllabus. As noted above, "[t]he prejudice advanced *must be more than merely speculative* [and] must be balanced against the other evidence in order to determine whether actual prejudice will impact the defendant at trial." (Emphasis added.) *State v. August*, 12th Dist. Warren No. CA2018-12-136, 2019-Ohio-4126, ¶ 12.

{¶ 24} In this appeal, appellant argues that there "was a great deal of prejudice" he suffered as a result of the 15-year delay between the 2004 incident and the 2019 indictment. Specifically, appellant claims that the preindictment delay "made it impossible to locate additional witnesses, interview any witnesses, and also find any physical evidence," and that the delay "made it very difficult to investigate and defend the charges against him." Appellant's brief at 3.

{¶ 25} Appellant has failed to identify any evidence, witnesses, or testimony that are missing or no longer available as a result of the 15-year delay in prosecution, much less demonstrate that the evidence or testimony was relevant to his defense. Appellant speculates that but for the 15-year delay, he would have been able to locate witnesses and obtain physical evidence that would enable him to defend against the

charges. Appellant's general, unspecified, and speculative assertions are insufficient to meet appellant's burden of demonstrating actual prejudice.

{¶ 26} Finally, appellant contends that the trial court erred by failing to hold an evidentiary hearing on his motion, and that the trial court's failure to do so denied appellant his due process rights. As noted above, the trial court set a motion hearing on the motion to dismiss at appellant's request. During this hearing, appellant elected to plead guilty rather than to pursue the preindictment-delay issue.

{¶ 27} For all of the foregoing reasons, we find no basis upon which to conclude that the trial court erred in denying appellant's motion to dismiss based on preindictment delay. Appellant's sole assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR