[Cite as *State v. Jabbar*, 2021-Ohio-2927.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :

                                No. 109642

    v.                                   :

ALI JABBAR,                                 :

    Defendant-Appellant.                 :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  APPLICATION DENIED
**RELEASED AND JOURNALIZED:**  August 23, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-19-642285-A
Application for Reopening
Motion No. 547892

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Frank Romeo Zeleznikar, Assistant Prosecuting Attorney, *for appellee*.

Ali Jabbar, *pro se*.

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} On July 14, 2021, the applicant, Ali Jabbar, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court judgment in *State v. Jabbar,* 8th Dist. Cuyahoga No. 109642,

2021-Ohio-1191, in which this court upheld his conviction for unlawful sexual conduct with a minor. Jabbar maintains that his appellate counsel should have argued (1) that his guilty plea was not made knowingly, intelligently, or voluntarily; (2) that his trial counsel were ineffective by failing to advise him properly or to pursue a motion to dismiss; (3) that postponing the trial in the face of the Covid-19 pandemic was cruel and unusual punishment that coerced a plea; and (4) that Jabbar was denied jail-time credit. On July 16, 2021, the state of Ohio filed a brief in opposition. For the following reasons, this court denies the application.

{¶ 2} In March 2004, Jabbar committed sex offenses against a 13-year-old girl. Many years later, a DNA match from the victim's rape kit identified him as the perpetrator. On August 1, 2019, the grand jury indicted Jabbar for one count of rape, a first-degree felony under R.C. 2907.02(A)(2) with a sexually violent predator specification, and one count of unlawful sexual conduct with a minor, a fourth-degree felony under R.C. 2907.04(A).

{¶ 3} On December 3, 2019, Jabbar moved to dismiss the indictment based on preindictment delay. He argued that in the ensuing 15 years witnesses, evidence, and locations that could help him present a defense were no longer available. The trial judge converted a February 4, 2020 trial date to a motion hearing date at Jabbar's request. However, on that date, Jabbar accepted a plea bargain in which he pled guilty to unlawful sexual conduct with a minor, and the rape count was nolled. The motion to dismiss was not discussed. Subsequently, the trial judge

sentenced Jabbar to nine months consecutive to a 13-year prison term he was already serving. The trial judge also dismissed as moot any outstanding motions.

{¶ 4} Jabbar's appellate counsel argued that the trial court committed reversible error when it denied the motion to dismiss due to preindictment delay. This court rejected that argument and affirmed the conviction.

{¶ 5} App.R. 26(B)(1) and (2) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. This court journalized its decision on April 8, 2021, and Jabbar filed this application on July 14, 2021, 97 days later. (22 days in April + 31 days in May + 30 days in June + 14 days in July = 97 days.) Thus, the application is untimely on its face. Jabbar does not proffer any reasons for the untimely filing.

{¶ 6} The Supreme Court of Ohio in *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, held that the 90-day deadline for filing must be strictly enforced. In those cases, the applicants argued that after the court of appeals decided their cases, their appellate lawyers continued to represent them, and their appellate lawyers could not be expected to raise their own incompetence. Although the Supreme Court agreed with this latter principle, it rejected the argument that continued representation provided good cause. In both cases, the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court then reaffirmed the

principle that lack of effort, lack of imagination, and ignorance of the law do not establish good cause for failure to seek timely relief under App.R. 26(B). As a corollary, miscalculation of the time need for mailing would also not state good cause. This court has denied applications as untimely by missing the deadline by as little as one or two days. *State v. Zimmer*, 8th Dist. Cuyahoga No. 104946, 2017-Ohio-8309; *State v. Agosto,* 8th Dist. Cuyahoga No. 87283, 2007-Ohio-2875; *State v. Ellis,* 8th Dist. Cuyahoga No. 91116, 2009-Ohio-2875; and *State v. Peyton,* 8th Dist. Cuyahoga No. 86797, 2007-Ohio-263.

{¶ 7} This court further strikes the application to reopen because it identifies the victim of a sexual offense who was a juvenile at the time of the offense in violation of Loc.App.R. 13.2(B)(2)(c) and (d).

{¶ 8} Accordingly, this court denies the application.

_____

FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR